# CHARLESTON.

## ROACH v. HARTY COAL CO.

Submitted March 6, 1917.    Decided March 13, 1917.

CONTRACTS—*Breach—Effect.*

   If, during the performance of a contract, one of the parties disavows the same and denies the validity thereof, the other party is exonerated from performing his part of the contract, and he may sue at once for the damages sustained by him by reason of such repudiation.

, Error to Circuit Court, Wyoming County.

Action by John Roach against the Harty Coal Company. There was a judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Grover C. Worrell* and *E. W. Worrell,* for plaintiff in error.

RITZ, JUDGE:

About the 18th of May, 1915, the plaintiff and a representative of the defendant by the name of Hanna entered into negotiations for the cutting and logging of the timber on the defendant company's lease. The result of these negotiations was reduced to a contract in writing, by which the plaintiff agreed to cut, skid and haul all the workable timber on the lease to the skidway at the mill of the defendant company at a certain price. This contract was prepared in. duplicate and was executed upon his part, and Mr. Hanna, the defendant's representative, advised him to go ahead and the contract would be executed upon the part of the defendant company

by Mr. Sullivan, its superintendent, and one copy returned
to the plaintiff. Acting upon this, the plaintiff did enter
upon the work in the month of May, and, as shown by the
accounts filed by both parties herein, began to deliver logs to
the defendant at the skidway on the 5th of June. He con-
tinued to deliver logs at this skidway until the 7th of July.
The agreement provided for payment for the work done by
the plaintiff in monthly estimates, the defendant retaining
twenty per cent. of each monthly estimate until the comple-
tion of the contract. The plaintiff testifies that receiving
no estimate from the company, on the 6th or 7th of July he
went to the defendant company's superintendent, Mr. Sul-
livan, and advised that he had received no estimates on ac-
count of the logs which he had hauled and placed at the skid-
way; that he was needing money to pay his hands, and that
under their contract he was entitled to an estimate for the
work done each month. He states that Sullivan told him
that the contract was no account; that it was not worth any-
thing. Plaintiff thereupon ceased to work, and this suit
was brought to recover for the value of the work he had al-
ready done.

There is no dispute between the parties as to the amount
of logs hauled by the plaintiff, or as to the amount he was en-
titled to receive therefor. This amount is $353.11. The plain-
tiff also admits that he got certain merchandise from a store
controlled by the defendant amounting to $48.89, and he also
admits certain credits in the way of orders paid after the
suit was brought. These reduce the amount to the sum of
$103.42, as claimed by the plaintiff.

The defendant contends that he is not entitled to recover
this balance of $103.42 because he did not carry out his con-
tract, and defendant claims that it was put to the necessity
of securing someone else to complete the logging at an ex-
pense of $301.29 in addition to what it would have cost it
under the contract with plaintiff. The court below de-
clined to allow the defendant to introduce this evidence by
way of recoupment, and judgment was rendered for the
plaintiff for the sum of $103.42.

It will be seen from what has been said that the plaintiff

relies upon a wrongful renunciation of the contract upon the part of the defendant. He knew at the time he entered into the arrangement with Mr. Hanna that it had to receive the approval of Mr. Sullivan before it was binding upon the company, and the first time he saw the superintendent he repudiated the contract, and advised plaintiff that it was of no effect. At that time plaintiff states he did not know that it had been executed upon the part of the company, as no copy of it had ever been returned to him. He did not care to go on with the work after receiving this declaration from Mr. Sullivan of the repudiation of the contract.

Can the defendant rely upon this contract now and set up a claim for damages by way of recoupment against the plaintiff, when its superintendent repudiated it to the plaintiff and denied that it had any validity? In *Lewis* v. *Pulp and Paper Co.,* 76 W. Va. 103, this Court held that an absolute renunciation of the contract by one of the parties thereto constitutes a breach thereof, and relieves the other from the obligation to perform.

To the same effect is *Davis* v. *Grand Rapids School Furniture Company,* 41 W. Va. 717; *Gross* v. *Lewis and Schmidt,* 54 W. Va. 433; *Comstock* v. *Lumber Co.,* 69 W. Va. 100; *Bare* v. *Coal Co.,* 73 W. Va. 632; *Rowland Lumber Co.* v. *Ross,* 100 Va. 275-282; *Barnes* v. *Morrison,* 97 Va. 372; 9 Cyc. 637; Hammon on Contracts, §454; Bishop on Contracts, §1428.

Under the circumstances in this case the defendant company's superintendent could not repudiate the contract and deny its validity, and then, after suit brought to recover for the work done by the plaintiff, insist upon its terms, and claim damages by reason of the failure of the plaintiff to complete the contract. The repudiation of the contract by the defendant was such a breach of it as justified and warranted the plaintiff in considering it at an end, and in suing to recover for the work done by him. The statements of the plaintiff in this regard are entirely uncontradicted.

Finding no error in the judgment of the circuit court of Wyoming county, the same is affirmed.

*Affirmed.*